IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS, ET AL., ) ) Plaintiffs, ) ) vs. ) ) DRAIN-N-ROOTER PLUMBING, INC., ) ) Defendant. ) _____ ) | CIVIL NO. 11-00565 SOM-RLP FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DRAIN-N-ROOTER PLUMBING, INC. |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DRAIN-N-ROOTER PLUMBING, INC.[1]

Before the Court is Plaintiffs Trustees of the PAMCAH-UA Local 675 Trust Funds Motion for Default Judgment Against Defendant Drain-N-Rooter, Inc. filed on February 15, 2012 ("Motion"). Defendant Drain-N-Rooter, Inc. was served with a copy of the Motion but did not file an opposition or otherwise respond to the Motion. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. Docket No. 12. After careful consideration of the Motion, the supporting memoranda, declarations, and exhibits, and the record established in this

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

## BACKGROUND

Plaintiffs filed their Complaint against Defendant on September 16, 2011. Docket No. 1. The Complaint alleges that Defendant entered into certain collective bargaining agreements agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. Compl. ¶ 3-4. Contributions were to be paid on or before due dates specified in the collective bargaining agreements. Id. ¶ 7. Under the collective bargaining agreements, Defendant also agreed to submit reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid. Id. ¶ 5. Plaintiffs claim that Defendant failed to make required contributions for May and June 2010. Id. ¶ 10. Plaintiffs allege that Defendant entered into a Promissory Note with Plaintiffs in the principal amount of $5,934.26 to satisfy the amounts due and owing for May and June 2012, but failed to make any payments pursuant to the terms of the Promissory Note. Id. ¶¶ 10-11. Plaintiffs also assert that Defendant has refused to allow them to audit Defendant's payroll books and records as required by the collective bargaining agreements. Id. ¶¶ 13-15. In addition to the unpaid contributions, Plaintiffs also claim

that they are entitled to liquidated damages, interest, auditor fees, collection costs, and reasonable attorneys' fees. Id. ¶ 6-8, 19. The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on December 21, 2012. Docket No. 7-3.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

    (1)  the possibility of prejudice to the plaintiff;

    (2)  the merits of plaintiff's substantive claim;

    (3)  the sufficiency of the complaint;

    (4)  the sum of money at stake in the action;

>   (5) the possibility of a dispute concerning material facts;
>
>   (6) whether the default was due to excusable neglect; and
>
>   (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712

(9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid contributions pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended. See 29 U.S.C. §§ 1132(e), 1145. The Court has supplemental jurisdiction over Plaintiffs' state law claim for breach of the Promissory Note. See 28 U.S.C. § 1367(a). Second, the Court has personal jurisdiction over Defendant. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction. Cripps v. Life Ins. Co. of North Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Burnham v. Superior Court of California, 495 U.S. 604 (1990)). Here, Plaintiffs assert that service was made on Defendant through personal service of its President, Eric Baker, "in accordance with Rule 4 of the Federal Rules of Civil Procedure" on November 21, 2011. Decl. of Shellie K. Park-Haopili submitted in support of the Request for Entry of Default ¶ 4. This service is sufficient under 29 U.S.C. § 1132(e)(2).

    **B.   Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate

under the Eitel factors outlined above.  The Court will address each factor in turn.

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

### 2. Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, Plaintiffs brought this action against Defendant for unpaid contributions for May and June 2010, for Defendant's breach of the Promissory Note, and for Defendant's continuous failure to perform under the terms of the collective bargaining agreements.  See 29 U.S.C. §§ 1132(a), 1145; Compl. ¶¶ 10-15.

First, the terms of the collective bargaining agreements require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees.  Compl. ¶ 3-4, 7; Exs. A and B to Mot.  Defendant employed workers covered by the collective bargaining agreements

and those workers performed work for Defendant when the collective bargaining agreements were in effect. Compl. ¶ 10. Defendant failed to make required contributions to Plaintiffs for May and June 2010. Id.

Second, on October 31, 2010, Defendant executed a Promissory Note in favor of Plaintiffs in the principal amount of $5,934.26, which covered the period of delinquency for May and June 2010. Compl. ¶ 10-11; Ex. C to Mot. Under the terms of the Promissory Note, Defendant promised to pay Plaintiffs monthly payments in the amount of $1,006.42 for a period of six months, commencing on November 30, 2010. Id. Defendant did not make any payments and is in default under the Promissory Note. Compl. ¶ 10.

Third, Defendant has failed to submit the required reports to Plaintiffs since July 2010 and has failed to allow Plaintiffs to audit Defendant's payroll records as required by the collective bargaining agreements. Id. ¶¶ 13-15. These failures are a breach of the collective bargaining agreements. Id.

The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the Complaint also weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $12,511.35, including delinquent contributions, liquidated damages, interest, and attorneys' fees and costs. Mem. in Supp. of Mot. at 13. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to abide by the terms of the collective bargaining agreements and the Promissory Note. The Court finds that this factor weighs in favor default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to answer the Complaint and deny that it failed to pay the contributions; Defendant has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court

finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Plaintiffs personally served Defendant's president on November 21, 2012. Defendant did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendant with notice of this Motion on February 15, 2012. Docket No. 11-9. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action

and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of <u>Eitel</u> Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiffs' favor and against Defendant.

### C. Damages

Plaintiffs request the following:

(1) $5,934.26 pursuant to the terms of the Promissory Note, which included delinquent contributions and liquidated damages for the months of May and June 2010, and a set amount of attorneys' fees;

(2) $6,577.09 for attorneys' fees and costs incurred and for anticipated future fees and costs; and

(3) an order directing Defendant to submit to Plaintiffs its reports from July 2010 to present and stating that Plaintiffs are allowed to audit Defendant's payroll records pursuant to the terms of the collective bargaining agreements. Mem. in Supp. of Mot. at 13. Each category of requested relief is addressed below.

### 1. $5,934.26 under the Promissory Note

Plaintiffs contend that Defendant entered into a Promissory Note in the amount of $5,934.26 to satisfy the amounts

due and owing for May and June 2010, but failed to make any payments pursuant to the terms of the Promissory Note. Compl. ¶¶ 10-11. In support of this contention, Plaintiffs submitted the declaration of Francis Chun, the Trust Administrator for Plaintiffs ("Chun Decl."). Mr. Chun attaches to his declaration a copy of the Promissory Note and states Defendant did not make any payments under the Promissory Note. Chun Decl. ¶¶ 8-9. The Promissory Note submitted reflects the $5,934.26 amount requested as damages. Ex. C to Mot. at 1. When a party "sustains a loss by breach of a contract, he is entitled to have just compensation commensurate with his loss." Amfac v. Waikiki Beachcomber Inv., Co., 74 Haw. 85, 127 (Haw. 1992). The court should "construe the plain and unambiguous language of a contract in determining whether particular damages were reasonably within the contemplation of the parties." Id. at 130. Based on the documentation provided by Plaintiffs, including the collective bargaining agreements and the Promissory Note, the Court finds that Plaintiffs have established damages in the amount of $5,934.26 for breach of the Promissory Note.

### 2. $6,577.09 for Attorneys' Fees and Costs

An award of attorneys' fees is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145. Additionally, the collective bargaining agreements requires Defendant to pay reasonable attorneys' fees

and costs in actions to enforce the collective bargaining agreements against Defendant.  Ex. A to Mot. at 11.  Here, Plaintiffs are entitled to their reasonable attorneys' fees and costs incurred in bringing the instant action.  However, as detailed below, Plaintiffs have not provided sufficient information to the Court to determine the reasonableness of the fees requested.

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  <u>See</u> <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000).  A reasonable fee is determined by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  <u>Hensley</u>, 461 U.S. at 433.  The lodestar amount may also be adjusted based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  <u>See</u> <u>Fischer</u>, 214 F.3d at 1119 (citation omitted).

Plaintiffs seek $5,039.27 in attorneys' fees and taxes incurred as of November 30, 2011, representing 17.50 hours at a rate of $275 per hour for all of the work performed.  Plaintiffs also request an award of $1,095.44 in "anticipated" fees and costs.  In reviewing the request, the Court finds that the information submitted by Plaintiffs is insufficient to determine

the reasonableness of the fees requested.

First, two attorneys and one paralegal worked on this matter: James K. Tam, Esq. (0.20 hours); Shellie K. Park-Hoapili, Esq. (3.90 hours); and Debra A. Kobashigawa, paralegal (13.40 hours). Decl. of Shellie K. Park-Hoapili submitted in support of Mot. ("Park-Hoapili Decl.") ¶¶ 7-8. Although Ms. Park-Hoapili's Declaration provides some information about experience level and the regular billing rate for Mr. Tam, no information is provided regarding experience or education level to support the $275 rate requested for Ms. Park-Hoapili and Ms. Kobashigawa. See Park-Hoapili Decl. ¶ 7.

Second, the Court notes that the amount agreed to under the Promissory Note includes "attorneys' fees in the amount of $300.00." Ex. C to Mot. at 1. Plaintiffs do not address how the attorneys' fees already reflected in amount of the Promissory Note effect their request, which covers potentially the same work through the time that the Promissory Note was executed.

Third, Plaintiffs filed their Motion on February 15, 2012, but only included a request for attorneys' fees and details regarding those fees through November 30, 2011. It is not clear whether fees incurred since November 30, 2011, are part of the "anticipated" fees requested. Plaintiffs' counsel does not explain why fees incurred between November 30, 2011 and February 5, 2012, were not included in the Motion or whether those fees

13

are part of the anticipated fees requested.

The Court invites Plaintiffs to file supplemental briefing addressing these issues together with an appropriate declaration in support any additional attorneys' fees and costs requested within ten days of the filing of this Findings and Recommendation. The Court will thereafter issue an amended findings and recommendation if necessary.

Based on the Declaration of Ms. Park-Hagapili and the invoices submitted with the Motion, the Court finds that Plaintiffs are entitled to an award for $442.38 in costs and taxes reasonably incurred in this action.

**3. Order Enforcing the Terms of the Collective Bargaining Agreements**

Plaintiffs seek an order directing Defendant to submit to Plaintiffs its reports from July 2010 to the present and stating that Plaintiffs are allowed to audit Defendant's payroll records pursuant to the terms of the collective bargaining agreements. Mem. in Supp. of Mot. at 13. Under the collective bargaining agreements, Defendant agreed to submit reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid. Compl. ¶ 5; Ex. A to Mot. at 11. The Court finds that Plaintiffs are entitled to an order

directing Defendant to submit to Plaintiffs its reports from July 2010 to the present and stating that Plaintiffs are allowed to audit Defendant's payroll records pursuant to the terms of the agreements.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED as follows:

(1) Default judgment be entered in Plaintiffs' favor and against Defendant;

(2) Plaintiffs are entitled to damages in the amount of $5,934.26 for breach of the Promissory Note;

(3) Plaintiffs are entitled to damages in the amount of $442.38 for costs and taxes reasonably incurred in this action;

(4) Plaintiffs may file supplemental briefing and an appropriate declaration addressing the issues identified above regarding the attorneys' fees requested within ten days of the filing of this Findings and Recommendation.  The Court will thereafter issue an amended findings and recommendation if necessary.

(5) Plaintiffs are entitled to an order directing Defendant to submit to Plaintiffs its reports from July 2010 to the present and stating that Plaintiffs are allowed to audit Defendant's payroll books and records pursuant to the terms of

the collective bargaining agreements.

       IT IS SO FOUND AND RECOMMENDED.

       DATED AT HONOLULU, HAWAII, MARCH 22, 2012



                                              Richard L. Puglisi
                                              United States Magistrate Judge

**TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS, ET AL. V. DRAIN-N-ROOTER PLUMBING, INC., CIVIL NO. 11-00565 SOM-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DRAIN-N-ROOTER PLUMBING, INC.**