IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> DRAIN-N-ROOTER PLUMBING, INC., <br><br> Defendant. | CIVIL NO. 11-00565 SOM-RLP <br><br> AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DRAIN-N-ROOTER PLUMBING, INC. |

AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS'
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
<u>DRAIN-N-ROOTER PLUMBING, INC.</u>[1]

The Findings and Recommendation to Grant Plaintiffs' Motion for Entry of Default Judgment Against Defendant Drain-N-Rooter Plumbing, Inc. which was filed on March 22, 2012, is hereby re-titled and amended as follows.

Plaintiffs Trustees of the PAMCAH-UA Local 675 Trust Funds filed its Motion for Default Judgment Against Defendant Drain-N-Rooter, Inc. on February 15, 2012 ("Motion"). Defendant Drain-N-Rooter, Inc. was served with a copy of the Motion but did not file an opposition or otherwise respond to the Motion. The Court found the Motion suitable for disposition without a hearing

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. Docket No. 12.

On March 22, 2012, the Court issued its Findings and Recommendation to grant Plaintiffs' Motion. Docket No. 18. In its Findings and Recommendation, the Court allowed Plaintiffs to file supplemental briefing regarding attorneys' fees and costs. Docket No. 18 at 13-14. Plaintiffs filed a timely supplemental memorandum and supporting declaration requesting a total of $6,875.39 attorneys' fees. See Docket No. 19, Supplemental Memorandum in Support of Attorneys' Fees ("Supplemental Memorandum") at 3.

The Court issues this Amended Findings and Recommendation, which addresses both the initial Motion and the Supplemental Memorandum regarding attorneys' fees. After careful consideration of the Motion, the Supplemental Memoranda, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

## BACKGROUND

Plaintiffs filed their Complaint against Defendant on September 16, 2011. Docket No. 1. The Complaint alleges that Defendant entered into certain collective bargaining agreements agreeing to contribute and pay to Plaintiffs certain amounts for

employee benefits for work performed by Defendant's covered employees. Compl. ¶ 3-4. Contributions were to be paid on or before due dates specified in the collective bargaining agreements. Id. ¶ 7. Under the collective bargaining agreements, Defendant also agreed to submit reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid. Id. ¶ 5. Plaintiffs claim that Defendant failed to make required contributions for May and June 2010. Id. ¶ 10. Plaintiffs allege that Defendant entered into a Promissory Note with Plaintiffs in the principal amount of $5,934.26 to satisfy the amounts due and owing for May and June 2012, but failed to make any payments pursuant to the terms of the Promissory Note. Id. ¶¶ 10-11. Plaintiffs also assert that Defendant has refused to allow them to audit Defendant's payroll books and records as required by the collective bargaining agreements. Id. ¶¶ 13-15. In addition to the unpaid contributions, Plaintiffs also claim that they are entitled to liquidated damages, interest, auditor fees, collection costs, and reasonable attorneys' fees. Id. ¶ 6-8, 19. The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on December 21, 2012. Docket No. 7-3.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid

contributions pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended. See 29 U.S.C. §§ 1132(e), 1145. The Court has supplemental jurisdiction over Plaintiffs' state law claim for breach of the Promissory Note. See 28 U.S.C. § 1367(a). Second, the Court has personal jurisdiction over Defendant. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction. Cripps v. Life Ins. Co. of North Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Burnham v. Superior Court of California, 495 U.S. 604 (1990)). Here, Plaintiffs assert that service was made on Defendant through personal service of its President, Eric Baker, "in accordance with Rule 4 of the Federal Rules of Civil Procedure" on November 21, 2011. Decl. of Shellie K. Park-Haopili submitted in support of the Request for Entry of Default ¶ 4. This service is sufficient under 29 U.S.C. § 1132(e)(2).

### B. Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above. The Court will address each factor in turn.

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See

6

PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

**2. Merits of Plaintiffs' Substantive Claims**

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, Plaintiffs brought this action against Defendant for unpaid contributions for May and June 2010, for Defendant's breach of the Promissory Note, and for Defendant's continuous failure to perform under the terms of the collective bargaining agreements. See 29 U.S.C. §§ 1132(a), 1145; Compl. ¶¶ 10-15.

First, the terms of the collective bargaining agreements require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees. Compl. ¶ 3-4, 7; Exs. A and B to Mot. Defendant employed workers covered by the collective bargaining agreements and those workers performed work for Defendant when the collective bargaining agreements were in effect. Compl. ¶ 10. Defendant failed to make required contributions to Plaintiffs for May and June 2010. Id.

Second, on October 31, 2010, Defendant executed a

7

Promissory Note in favor of Plaintiffs in the principal amount of $5,934.26, which covered the period of delinquency for May and June 2010. Compl. ¶ 10-11; Ex. C to Mot. Under the terms of the Promissory Note, Defendant promised to pay Plaintiffs monthly payments in the amount of $1,006.42 for a period of six months, commencing on November 30, 2010. Id. Defendant did not make any payments and is in default under the Promissory Note. Compl. ¶ 10.

Third, Defendant has failed to submit the required reports to Plaintiffs since July 2010 and has failed to allow Plaintiffs to audit Defendant's payroll records as required by the collective bargaining agreements. Id. ¶¶ 13-15. These failures are a breach of the collective bargaining agreements. Id.

The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the Complaint also weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $12,511.35, including delinquent contributions, liquidated damages, interest, and attorneys' fees and costs. Mem. in Supp. of Mot. at 13. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to abide by the terms of the collective bargaining agreements and the Promissory Note. The Court finds that this factor weighs in favor default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to answer the Complaint and deny that it failed to pay the contributions; Defendant has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Plaintiffs personally served Defendant's president on November 21, 2012. Defendant did not

9

file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendant with notice of this Motion on February 15, 2012. Docket No. 11-9. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7.  Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8.  Totality of Eitel Factors

The Court finds that the totality of the factors weigh

in favor of entering default judgment in Plaintiffs' favor and against Defendant.

**C. Damages**

Plaintiffs request the following:

(1) $5,934.26 pursuant to the terms of the Promissory Note, which included delinquent contributions and liquidated damages for the months of May and June 2010, and a set amount of attorneys' fees;

(2) $6,577.09 for attorneys' fees and costs incurred and for anticipated future fees and costs; and

(3) an order directing Defendant to submit to Plaintiffs its reports from July 2010 to present and stating that Plaintiffs are allowed to audit Defendant's payroll records pursuant to the terms of the collective bargaining agreements. Mem. in Supp. of Mot. at 13. Each category of requested relief is addressed below.

**1. $5,934.26 under the Promissory Note**

Plaintiffs contend that Defendant entered into a Promissory Note in the amount of $5,934.26 to satisfy the amounts due and owing for May and June 2010, but failed to make any payments pursuant to the terms of the Promissory Note. Compl. ¶¶ 10-11. In support of this contention, Plaintiffs submitted the declaration of Francis Chun, the Trust Administrator for Plaintiffs ("Chun Decl."). Mr. Chun attaches to his declaration

11

a copy of the Promissory Note and states Defendant did not make any payments under the Promissory Note. Chun Decl. ¶¶ 8-9. The Promissory Note submitted reflects the $5,934.26 amount requested as damages. Ex. C to Mot. at 1. When a party "sustains a loss by breach of a contract, he is entitled to have just compensation commensurate with his loss." Amfac v. Waikiki Beachcomber Inv., Co., 74 Haw. 85, 127 (Haw. 1992). The court should "construe the plain and unambiguous language of a contract in determining whether particular damages were reasonably within the contemplation of the parties." Id. at 130. Based on the documentation provided by Plaintiffs, including the collective bargaining agreements and the Promissory Note, the Court finds that Plaintiffs have established damages in the amount of $5,934.26 for breach of the Promissory Note.

## 2. Attorneys' Fees and Costs

An award of attorneys' fees is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. Additionally, the collective bargaining agreements require Defendant to pay reasonable attorneys' fees and costs in actions to enforce the collective bargaining agreements against Defendant. Ex. A to Mot. at 11. Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d

1115, 1119 (9th Cir. 2000).  A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).  In the Supplemental Memorandum, Plaintiffs request $6,875.39 in attorneys' fees and taxes incurred through the end of February 2012.  Suppl. Mem. at 3.  Although additional fees were incurred during that time, Plaintiffs have not requested the full amount and have deducted $300.00 in attorneys' fees already included in the Promissory Note and $2,500.00 for duplicative work.  See Decl. of Shellie K. Park-Hoapili submitted in support of the Supplemental Memorandum ("Park-Hoapili Suppl. Decl.") ¶¶ 14, 16.

First, the Court finds that the hours requested are reasonable.  The request includes the following hours:  0.20 hours for work performed by James K. Tam, Esq.; 9.50 hours for work performed by Shellie K. Park-Hoapili, Esq.; and 23.90 hours for work performed by Debra A. Kobashigawa, paralegal.  Park-Hoapili Suppl. Decl. ¶ 8.  After review of the time entries and in light of Plaintiffs' own deduction for duplicative work, the Court finds that the hours requested are reasonable.

Second, regarding a reasonably hourly rate, all of the work was billed at a rate of $275 per hour. Id. Mr. Tam was admitted to the Hawaii bar in 1974. Id. ¶ 9a. Mr. Tam customarily charges $325.00 per hour for his work. Id. Ms. Park-Hoapili was admitted to the Hawaii bar in 2003 and has almost seven years of litigation experience in Hawaii. Id. ¶ 9b. Ms. Kobashigawa has almost 12 years of experience as a paralegal. Id. ¶ 9c. Ms. Park-Hoapili and Ms. Kobashigawa are "regularly billed" at $275.00 per hour on these types of matters. Id. ¶¶ 9b, 9c. Plaintiffs' counsel states that the rate of $275.00 is "based on work ordinarily performed by licensed attorneys." Id. ¶ 10. Although the requested rate for Ms. Park-Hoapili and Ms. Kobashigawa would not ordinarily be considered reasonable in the normal course given their experience and educational levels, the Court finds that the blended rate is reasonable in these circumstances based on similar awards of attorneys' fees in other cases brought by Plaintiffs. See, e.g., Trustees of the PAMCAH-UA Local 675 Trust Funds, et al. v. Blazemasters Fire Protection, LLC, Civil No. 10-00422 DAE-BMK, 2010 WL 5128786 (Nov. 18, 2010), adopted at 2010 WL 5128782 (Dec. 9, 2010)(awarding attorneys' fees for work by Ms. Park-Hoapili and Ms. Kobashigawa billed at $275.00 per hour); Trustees of the PAMCAH-UA Local 675 Trust Funds, et al. v. Precision Plumbing, Inc., Civil No. 09-00230 JMS-BMK, 2009 WL 3365857 (Oct. 19, 2009)(awarding attorneys' fees

at a rate of $275.00 for all work performed including paralegal work); Trustees of the PAMCAH-UA Local 675 Trust Funds, et al. v. Precision Plumbing, Inc., Civil No. 08-00180 DAE-KSC, 2008 WL 4602075 (Oct. 16, 2008)(awarding attorneys' fees at a rate of $275.00 for all work performed including paralegal work); Trustees of the PAMCAH-UA Local 675 Trust Funds, et al. v. Universal Air Conditioning and Refrigeration Inc., Civil No. 08-00037 HG-BMK, 2008 WL 2242542 (May 30, 2008)(awarding attorneys' fees at a rate of $225.00 for all work performed including paralegal work). In total, the Court finds that Plaintiffs are entitled to an award of $6,875.39 for attorneys' fees and taxes incurred.

Finally, based on the Declaration of Ms. Park-Hoapili and the invoices submitted with the Motion, the Court finds that Plaintiffs are entitled to an award for $442.38 in costs and taxes reasonably incurred in this action.

**3. Order Enforcing the Terms of the Collective Bargaining Agreements**

Plaintiffs seek an order directing Defendant to submit to Plaintiffs its reports from July 2010 to the present and stating that Plaintiffs are allowed to audit Defendant's payroll records pursuant to the terms of the collective bargaining agreements. Mem. in Supp. of Mot. at 13. Under the collective bargaining agreements, Defendant agreed to submit reports

15

regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid. Compl. ¶ 5; Ex. A to Mot. at 11. The Court finds that Plaintiffs are entitled to an order directing Defendant to submit to Plaintiffs its reports from July 2010 to the present and stating that Plaintiffs are allowed to audit Defendant's payroll records pursuant to the terms of the agreements.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED as follows:

(1) Default judgment be entered in Plaintiffs' favor and against Defendant;

(2) Plaintiffs are entitled to damages in the amount of $5,934.26 for breach of the Promissory Note;

(3) Plaintiffs are entitled to damages in the amount of $6,875.39 for reasonable attorneys' fees and taxes incurred in this action;

(4) Plaintiffs are entitled to damages in the amount of $442.38 for costs and taxes reasonably incurred in this action;

(5) Plaintiffs are entitled to an order directing Defendant to submit to Plaintiffs its reports from July 2010 to

the present and stating that Plaintiffs are allowed to audit Defendant's payroll books and records pursuant to the terms of the collective bargaining agreements.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 3, 2012



Richard L. Puglisi
United States Magistrate Judge

**TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS, ET AL. V. DRAIN-N-ROOTER PLUMBING, INC., CIVIL NO. 11-00565 SOM-RLP; AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DRAIN-N-ROOTER PLUMBING, INC.**